[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14883
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2011
JOHN LEY
CLERK

Agency No. A099-642-923

DOMINGO ALFREDY PRATO-HIGUERA,
INES ASTRID RAMIREZ-MOLINA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 28, 2011)

Before TJOFLAT, CARNES, and MARTIN, Circuit Judges.

PER CURIAM:

Domingo Alfredy Prato-Higuera, and his wife, Ines Astrid Ramirez-Molina,[1] natives and citizens of Venezuela, seek review of the Board of Immigration Appeals' ("BIA") denial of Prato-Higuera's application for asylum and withholding of removal under the Immigration and Nationality Act ("INA").[2]

Prato-Higuera's asylum and withholding-of-removal claims are based on his assertion that he was persecuted due to the religious and political messages that he spread through his work as a musician and music teacher. Specifically, he alleged that members of the Bolivarian Circles (a militant organization that supports the Venezuelan government), attacked him and his family on two separate occasions. On appeal, Prato-Higuera argues that the IJ and BIA erred by wrongly finding: (1) that he lacked credibility, and (2) that, alternatively, he had not suffered persecution at the hands of the Bolivarian Circles.

"When the BIA issues a decision, we review the BIA's decision, except to the extent that the BIA has expressly adopted the IJ's decision." Ruiz v. Gonzales,

---

[1] Ramirez-Molina seeks relief as a derivative beneficiary of Prato-Higuera's asylum application, pursuant to 8 U.S.C. § 1158(b)(3)(A). Luis Alfredo Prato was originally a party to this appeal as well, however a panel of this Court granted the government's motion to dismiss Prato after the BIA reopened his removal proceedings.

[2] The IJ also denied relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16. However, Prato-Higuera has waived any argument regarding his entitlement to CAT relief by failing to argue the merits of this issue on appeal. See Estate of McCall ex rel. McCall v. United States, 642 F.3d 944, 952 n.4 (11th Cir. 2011).

479 F.3d 762, 765 (11th Cir. 2007). "Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). Administrative factual findings, including credibility determinations, are reviewed under the highly deferential substantial evidence test. Chen, 463 F.3d at 1230–31. Under that test, we must affirm a factual finding if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (quotation marks omitted).

To establish asylum eligibility, an applicant must prove that he or she is a "refugee" under the Immigration and Nationality Act. See 8 U.S.C. § 1158(b)(1); see also Najjar, 257 F.3d at 1284. A refugee must (1) have suffered past persecution on account of his or her social group, political opinion, or any other protected ground, or (2) possess a "well-founded fear" that his or her social group, political opinion, or any other protected ground will cause future persecution. 8 C.F.R. § 208.13(b), Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230–31 (11th Cir. 2005). "To establish asylum based on past persecution, the applicant must prove (1) that []he was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006).

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda, 401 F.3d at 1231 (11th Cir. 2005) (quotations marks omitted). We have held that a detention does not constitute persecution where the applicant suffered only minor injuries as a result of that detention. Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008). When an alien cannot meet the requirements for asylum, he is generally precluded from qualifying under the more stringent standard for withholding. Sepulveda, 401 F.3d at 1232–33. Moreover, to be entitled to withholding of removal, an alien must establish that his "life or freedom would be threatened . . . because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

Upon a thorough review of the record and the parties' briefs, we find that substantial evidence supports the BIA's finding that Prato-Higuera failed to establish eligibility for asylum or withholding of removal.[3] Specifically, according to his testimony, Prato-Higuera received only "slight blows" in the first attack, and his car was only slightly damaged in the second attack. Even when coupled with

---

[3] Although Prato-Higuera challenges the agency's credibility determination, we need not address that finding because we find that, even accepted as true, his testimony fails to establish his eligibility for asylum. See Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1275 n.3 (11th Cir. 2009) (Court may affirm on any ground supported by record, at least where as here "government expressly asked" for affirmance on such grounds).

4

the alleged death threats, these incidents of mild violence do not compel the conclusion that Prato-Higuera suffered persecution that entitles him to asylum. See Djonda, 514 F.3d at 1174 ("minor beating" resulting in "scratches and bruises" does not compel conclusion that applicant suffered past persecution); see also Sepulveda, 401 F.3d at 1231 ("menacing telephone calls and [verbal] threats . . . do not rise to the level of past persecution"). Furthermore, although Prato-Higuera argues that the agency erred by failing to reference the State Department's Country Report for Venezuela, that report does not support his claim for asylum, but instead states that there were no reports of government-sponsored politically motivated killings or disappearances in Venezuela in 2008. As a result, the agency did not err in its finding that Prato-Higuera was ineligible for asylum and withholding of removal. See Sepulveda, 401 F.3d at 1232–33 (failure to meet standards for asylum also generally determines failure to meet more stringent standards for withholding of removal).

For these reasons, we affirm the agency's denial of Prato-Higuera's claim for asylum and withholding of removal. As a result, we must also affirm the denial of Ramirez-Molina's claim for asylum as a derivative beneficiary of her husband's application.

**PETITION DENIED**.